

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wayne Lafevre
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. 0-4691
Re: Under the facts sub-
mitted would a con-
tract entered into be-
tween the Clay County
Commissioners' Court
and Tax Valuation En-
gineers, for the val-
uation of all oil and
gas utilities rendered
in Clay County, be val-
id?

Your letter of recent date requesting the opinion
of this department on the above stated question reads as
follows:

"I wish to make a request for an opinion
on the following question:

"Would a contract entered into between
the Clay County Commissioners Court and Pri-
chard & Abbott, Tax Valuation Engineers,
whereby Clay County Commissioners Court con-
tract to pay Prichard & Abbott $500.00 per
million dollars valuation of all oil and gas
and utilities rendered in Clay County, be val-
id? There was not placed in the budget for
the year in which this contract is made esti-
mates to pay for said contract. Also payments

for such services would exceed the revenues
from the General Fund if other obligations
already budgeted were paid. There is no
court order existant setting up a tax rate
to take care of payment, or the creating of
an interest & sinking fund tax rate. And
said contract was never read in Open Court
even though the chairman of the court, had
asked the commissioners if they cared to
read or have read said contract. Also the
contract is signed by the four members of
the court but not by the County Judge. But
there is an order approving said contract
on the minutes of said court.

"I would appreciate a reply at your
earliest convenience."

In the case of Roper vs. Hall, 280 S.W. 289, the
Waco Court of Civil Appeals sustained a contract made by
Freestone County with Thomas Y. Pickett for collecting and
compiling information concerning oil properties and the
fixing of values thereon. It was pointed out as the basis
for that holding that those services involved an extraor-
dinary skill not possessed by an ordinary person. The
power of the commissioners' court to make contracts of the
character involved in Roper vs. Hall, supra, was recognized
in the case of Marquart vs. Harris County, 117 S.W. (2d) 494.

We quote from the case of Roper vs Hall, supra, as
follows:

"Express authority however, is given to
the commissioners' court over the subject of
the levying of taxes and requiring all proper-
ty situated in the county to be properly as-
sessed and to bear its proportion of the bur-
den of taxation according to its value. See
authorities above cited. The general powers
so given to the commissioners' courts are of
little practical value without the further
authority to use adequate means to insure the

proper, intelligent and effective exercise thereof. The Constitution requires and public policy demands that all taxable property shall contribute its just proportion to the expenses of government. The purpose of the contract under consideration was to aid in securing such result. The services contracted to be rendered called for information and experience not possessed by the ordinary person. So far as they affected the discovery, assessment, and valuation of unrendered oil properties, they could not have been performed by the county assessor unless he possessed extraordinary information and experience along the required lines. He testified in the case, and under oath disclaimed such qualification. Neither could the commissioners' court, sitting as an equalization board, perform its functions effectively without such expert aid. The court so declared, in effect, when it entered into the contract. It does not appear that it was the intent or effect of the contract that Pickett should perform the duties imposed by law on any of the officers concerned. On the contrary, it does appear that its purpose was merely to aid such officers in the effective performance of their respective duties . . . .

"The making of the contract under consideration was within the implied power possessed by the commissioners' court of Freestone county, and such contract did not contemplate the performance by said Pickett of duties imposed by law upon either the assessor or the commissioners' court . . . ."

We do not have the contract in question before us, therefore, we can express no opinion as to the validity of the same. However, the above mentioned cases expressly hold that the making of such a contract for the collection and assembling of information concerning oil properties and fixing of the values thereon is within the power possessed by the commissioners' court.

Under the facts stated in your letter, it is apparent that when the budget for the county was prepared

the budget contained no provision for expenditures such
as are here involved.

Article 689a-11 provides in part:

". . . .When the budget has been finally
approved by the Commissioners' Court, the bud-
get, as approved by the Court shall be filed
with the Clerk of the County Court, and taxes
levied only in accordance therewith, and no ex-
penditure of the funds of the county shall there-
after be made except in strict compliance with
the budget as adopted by the Court, except that
emergency expenditures, in case of grave public
necessity, to meet unusual and unforeseen con-
ditions which could not, by reasonably diligent
thought and attention, have been included in
the original budget, may from time to time be
authorized by the Court as amendments to the
original budget. In all cases where such amend-
ment to the original budget is made, a copy of
the order of the Court amending the budget shall
be filed with the Clerk of the County Court, and
attached to the budget originally adopted."

As no expenditures of the funds of the County shall
be made except in strict compliance with the budget as adopted
by the Court and as the budget contains no provision with refer-
ence to expenditures, such as are involved, it is our opinion
that the County cannot expend its funds for such purpose, with-
out having complied with the budget law.

Trusting that the foregoing fully answers your in-
quiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED JUN , 1942

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

AW:ff


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN